(Reap. Dec. 8205)[1]

PITMAN PUBLISHING CORPORATION *v.* UNITED STATES

Entry Nos. 713514 and 717220.

(Decided February 26, 1953)

*Jordan & Klingaman (Jacob L. Klingaman* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Samuel D. Spector,.* special attorney), for the defendant.

RAO, Judge: The reappraisement suits listed above, which were consolidated for the purpose of trial, arose by reason of a judgment entered in the case of *Pitman Publishing Corporation* v. *United States,.* 28 Cust. Ct. 164, C. D. 1404, decided April 3, 1952, wherein and whereby it was—

* * * ordered, adjudged, and decreed, that these matters be and the same hereby are remanded to a single judge sitting in reappraisement, pursuant to the provisions of § 501 of the Tariff Act of 1930, as amended by § 16 (b) of the Customs Administrative Act of 1938 (19 U. S. C. § 1501, now 28 U. S. C. § 2636 (d).

Section 2636 (d) of title 28 of the United States Code provides as follows:

If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values.

The merchandise involved in these cases consists of ruled sheets of ledger or journal paper imported in sets. Some of these sets are comprised of 36 sheets of paper with two top covers and two bottom covers, the covers being designated on the invoices either as #101 stock or as #101 folder stock. The remaining sets here involved consist of 60 sheets of paper, and one top and one bottom cover of said folder stock. Each complete set was appraised as an entirety, those containing 36 sheets at $140 per thousand sets, and those with 60 sheets at $209.40 per thousand sets.

This court having found the sheets and folder stock to fall within separate classifications, carrying different rates of duty, it held that the appraisements of the sets as entireties were invalid and void. A remand, pursuant to the provisions of section 2636 (d), *supra,* was accordingly ordered.

[1] Known also as V. D. 2.

At the trial counsel for the respective parties stipulated that the value of the top covers is $17 per thousand, that of the bottom covers $12 per thousand, and that the value of the paper is as originally fixed by the appraiser less the values of the tops and bottoms.

In view of the stipulated facts, and upon the record before me, I hold that the value of top cover sheets of folder stock is $17 per thousand; that the value of bottom covers of folder stock is $12 per thousand; and the value of the sheets of ledger paper is as found by the appraiser less the values of the top and bottom covers as hereinabove found.

Judgment will be entered accordingly.